1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11      ERIC JASON FULLER,                    )
                                              )
12              Plaintiff(s),                 )        No. C 06-0190 CRB (PR)
                                              )
13      v.                                    )        ORDER OF SERVICE
                                              )
14      GIBBS, Correctional Officer,          )
                                              )
15              Defendant(s).                 )
                                              )
16

17              Plaintiff, a prisoner at Mule Creek State Prison, has filed a pro se civil

18      rights complaint for damages under 42 U.S.C. § 1983 alleging deliberate

19      indifference to his safety needs while he was incarcerated at Salinas Valley State

20      Prison ("SVSP").  Plaintiff specifically alleges that SVSP Investigative Service

21      Unit Correctional Officer Gibbs was deliberately indifferent to his safety needs

22      when, on February 13, 2005, Gibbs failed to prevent an inmate attack on plaintiff

23      that Gibbs knew about two days earlier.

24                                   **DISCUSSION**

25      A.      Standard of Review

26              Federal courts must engage in a preliminary screening of cases in which

27      prisoners seek redress from a governmental entity or officer or employee of a

28      governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

1    claims or dismiss the complaint, or any portion of the complaint, if the complaint

2    "is frivolous, malicious, or fails to state a claim upon which relief may be

3    granted," or "seeks monetary relief from a defendant who is immune from such

4    relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

5    Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

7    elements: (1) that a right secured by the Constitution or laws of the United States

8    was violated, and (2) that the alleged violation was committed by a person acting

9    under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

10   B.    Legal Claims

11          The Eighth Amendment requires that prison officials take reasonable

12   measures to guarantee the safety of prisoners.  Farmer v. Brennan, 511 U.S. 825,

13   832 (1994).  In particular, prison officials have a duty to protect prisoners from

14   violence at the hands of other prisoners.  Id. at 833; Hearns v. Terhune, 413 F.3d

15   1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir.

16   1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).  Liberally

17   construed, plaintiff's allegations that Gibbs failed to prevent an inmate attack on

18   plaintiff that Gibbs knew about two days earlier states a cognizable § 1983 claim

19   for deliberate indifference to safety against Gibbs.  See Berg v. Kincheloe, 794

20   F.2d 457, 459 (9th Cir. 1986) (prisoner may state § 1983 claim under 8th

21   Amendment against prison officials where officials acted with deliberate

22   indifference to threat of serious harm or injury to inmate by another prisoner).

23                                  **CONCLUSION**

24       For the foregoing reasons and for good cause shown,

25       1.    The clerk shall issue summons and the United States Marshal shall

26   serve, without prepayment of fees, copies of the complaint in this matter, all

27

28                                        2

1    attachments thereto, and copies of this order on SVSP Investigative Service Unit

2    Correctional Officer Gibbs.  The clerk also shall serve a copy of this order on

3    plaintiff.

4           2.      In order to expedite the resolution of this case, the court orders as

5    follows:

6                   a.      No later than 90 days from the date of this order, defendant

7    shall file a motion for summary judgment or other dispositive motion.  A motion

8    for summary judgment shall be supported by adequate factual documentation and

9    shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

10   include as exhibits all records and incident reports stemming from the events at

11   issue.  If defendant is of the opinion that this case cannot be resolved by summary

12   judgment or other dispositive motion, he shall so inform the court prior to the

13   date his motion is due.  All papers filed with the court shall be served promptly

14   on plaintiff.

15                  b.      Plaintiff's opposition to the dispositive motion shall be filed

16   with the court and served upon defendant no later than 30 days after defendant

17   serves plaintiff with the motion.

18                  c.      Plaintiff is advised that a motion for summary judgment

19   under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your

20   case.  Rule 56 tells you what you must do in order to oppose a motion for

21   summary judgment.  Generally, summary judgment must be granted when there

22   is no genuine issue of material fact--that is, if there is no real dispute about any

23   fact that would affect the result of your case, the party who asked for summary

24   judgment is entitled to judgment as a matter of law, which will end your case.

25   When a party you are suing makes a motion for summary judgment that is

26   properly supported by declarations (or other sworn testimony), you cannot simply

27

28                                              3

1  rely on what your complaint says.  Instead, you must set out specific facts in

2  declarations, depositions, answers to interrogatories, or authenticated documents,

3  as provided in Rule 56(e), that contradicts the facts shown in the defendant's

4  declarations and documents and show that there is a genuine issue of material

5  fact for trial.  If you do not submit your own evidence in opposition, summary

6  judgment, if appropriate, may be entered against you.  If summary judgment is

7  granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,

8  154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

9          Plaintiff is also advised that a motion to dismiss for failure to exhaust

10  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

11  case, albeit without prejudice.  You must "develop a record" and present it in

12  your opposition in order to dispute any "factual record" presented by the

13  defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120

14  n.14 (9th Cir. 2003).

15          d.      Defendant shall file a reply brief within 15 days of the date

16  on which plaintiff serves him with the opposition.

17          e.      The motion shall be deemed submitted as of the date the

18  reply brief is due.  No hearing will be held on the motion unless the court so

19  orders at a later date.

20      3.      Discovery may be taken in accordance with the Federal Rules of

21  Civil Procedure.  No further court order is required before the parties may

22  conduct discovery.

23      4.      All communications by plaintiff with the court must be served on

24  defendant, or defendant's counsel once counsel has been designated, by mailing a

25  true copy of the document to defendant or defendant's counsel.

26      5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must

27

28                                              4

1  keep the court and all parties informed of any change of address and must comply

2  with the court's orders in a timely fashion.  Failure to do so may result in the

3  dismissal of this action under Federal Rule of Civil Procedure 41(b).

4  SO ORDERED.

5  DATED: <u>May 25, 2006</u>

CHARLES R. BREYER
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5